IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2, ASSET-BACKED CERTIFICATES, SERIES 2007-FXD2, <br><br>    Plaintiff, <br><br> v. <br><br> GREGORY PLATT and <br> PAULA PLATT, <br><br>    Defendants. | Case No. 3:17-cv-02106-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECCOMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is a Motion for Summary Judgment (ECF No. 58) filed by Plaintiff Wells Fargo Bank N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD2, Asset-Backed Certificates, Series 2007-FXD2 ("Wells Fargo"). For the reasons stated, the District Court should GRANT Wells Fargo's Motion for Summary Judgment.

**Background**

On November 10, 2006, Defendants Paula and Gregory Platt obtained a home equity loan evidenced by a note and secured by a lien on Defendants' home located in Corsicana, Texas. Pl.'s Ex. A at 2, ¶¶ 4-5 (ECF No. 43-1). Mrs. Platt signed the note, and Mrs. Platt and her husband, Gregory, both signed the security instrument granting the lien on their home. *Id.* Wells Fargo, owner of the note,

1

originally brought this suit against Defendants in August 2017 seeking to foreclose on Defendants' home for nonpayment. Compl. at 5, ¶¶ 14-15 (ECF No. 1). Defendants assert the following counterclaims: (1) breach of contract for failing to cure defects in the security instrument (Am. Answer 6-7, ¶ 60 (ECF No. 23)); (2) declaratory judgment that the lien is invalid for the same alleged failure (*id.* at 8-9, ¶¶ 67-68); (3) quiet title (*id.* at 9, ¶ 72); and (4) permanent injunction (*id.* at 10, ¶ 76). In May 2018, the parties filed a joint motion to abate the proceedings because Defendants were approved for a Trial Period Modification Plan (the "Trial Plan") under which they could modify their loan if they made certain payments. First Joint Mot. Abate 2 (ECF No. 27). The Court granted the motion and abated the case. Order Granting First Joint Mot. Abate 1 (ECF No. 31). A few months later, Wells Fargo moved to reinstate the case to the Court's active docket because Defendants failed to perform under the Trial Plan. First Mot. Reinstate 2 (ECF No. 32). The Court granted the motion and reopened the case. Electronic Order Granting Mot. Reinstate (ECF No. 34).

Wells Fargo timely filed its motion for summary judgment on April 26, 2019 (the "April Motion"). *See* Mot. Summ. J. (ECF No. 42). Defendants failed to file a response. In June 2019, however, the parties filed another joint motion to abate the case. Second Joint Mot. Abate 1 (ECF No 52). Apparently, Defendants had been approved for yet another Trial Plan and were eligible to again attempt to modify their loan by making certain payments. *Id.* at 3. The Court granted the motion and again abated the case, thus terminating the April Motion. Order Granting Second

2

Joint Mot. Abate 1 (ECF No. 53). On September 23, 2019, however, Wells Fargo moved to reinstate the case explaining that Defendants failed to perform under their second Trial Plan. Second Mot. Reinstate 4 (ECF No. 54). Wells Fargo further represented that Defendants had been nonresponsive to attempts to contact them. *Id.* The Court set the matter for a hearing, ordering Defendants to appear in person, but Defendants failed to appear as ordered. Order re: Mot. Reinstate 1 (ECF No. 55); Order to Show Cause 3 (ECF No. 57). The Court then entered a show-cause order requiring Defendants to show cause in writing as to why they should not be sanctioned for failure to appear and expressing concern that Defendants' failure to appear was part of a pattern of "willful and contumacious" conduct. Order to Show Cause 2. Defendants did not respond to the show-cause order.

Following the hearing on the second motion to reinstate, the Court granted the motion and reinstated the case to the active docket, specifically reinstating the April Motion. Order Granting Second Mot. Reinstate 1 (ECF No. 59). Thus, the instant motion for summary judgment is the April Motion, pending as of October 25, 2019. In the Order reinstating the case, the Court noted that Defendants had failed to timely respond to the April Motion when it was filed but granted them the opportunity to respond to it as reinstated. *Id.* at 2. The Court warned Defendants that if they failed to respond to the motion, it would be deemed unopposed. *Id.* at 3. Defendants failed to respond, and by separate findings, conclusions, and recommendation entered today, the magistrate judge recommends a sanction that Defendants be prohibited from opposing the pending motion for summary

judgment. Accordingly, the instant findings, conclusions, and recommendation treats the motion for summary judgment as unopposed. It is now ripe for determination.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)). All the evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

Rule 56 does not require the court to search the record for evidence to support the nonmovant's opposition to the summary judgment motion. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988) (quotation marks and citations omitted). Rather, the party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Id.*; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)). If a party fails to address another party's assertion of fact as required by Rule 56, the court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)-(3)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

**Analysis**

I. Wells Fargo is entitled to summary judgment on its foreclosure claim.

In Texas, to foreclose under a security instrument with a power of sale, the plaintiff is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Bowman v. CitiMortgage, Inc.*, 2018 WL 2184398, at *3 (N.D. Tex. May 11, 2018) (citing Tex. Prop. Code § 51.002). The Texas Property Code requires the mortgage servicer to

serve a debtor in default with written notice by certified mail stating that the note is in default and provide at least 20 days to cure before it can give a notice of sale. Tex. Prop. Code § 5.002(d). And, in this case, the security agreement provides that in the event of default "the Note Holder may send [the borrower] a written notice telling [the borrower] that if [the borrower does] not pay the overdue amount by a certain date, the Note Holder may require [the borrower] to pay immediately the full amount of Principal which has not been paid and all the interest that [the borrower] owe[s] on that amount. That date must be at least 30 days after the date on which the notice is mailed to [the borrower] or delivered by other means." Pl.'s Ex. A-1 at 2.

Wells Fargo is entitled to summary judgment and an order allowing foreclosure because all four elements of its foreclosure claim are met. First, a debt exists. Wells Fargo provided a copy of the note signed by Mrs. Platt, the borrower. Pl.'s Ex. A-1 at 4. Defendants have not introduced any evidence undermining the authenticity or the validity of the note. Second, the debt is secured by a lien created under Texas law. Wells Fargo has provided a copy of the security instrument securing the note signed by Mrs. Platt and her husband. Pl.'s Ex. A-2 at 1, 19. The security instrument was created under Section 50(a)(6), Article XVI of the Texas Constitution. *Id.* at 1. Defendants have not introduced any evidence calling into question the authenticity or the validity of the security instrument. Further, Defendants defaulted under the note. Wells Fargo provides a sworn affidavit in which its Assistant Vice President of Specialized Loan Servicing states that

Defendants have not made payments on the note since May 2016 (Pl.'s Ex. A at 4) and a payment history indicating the same (Pl.'s Ex. A-7). Moreover, the loan agreement provides that the borrower's failure to pay the full amount of each monthly payment on the date it is due will constitute default. Pl.'s Ex. A-1 at 2. Defendants have not identified any evidence to dispute the veracity of the affidavit or the accuracy of the payment history Wells Fargo provided. They have not come forward with any evidence that they have made the required payments on the note or adduced any other evidence that would raise a fact question as to whether they are not in default on the note.

Finally, Wells Fargo has complied with the notice requirements to foreclose. Wells Fargo provides a copy of a letter dated October 12, 2016 that the loan servicer mailed Defendants notifying them of their default. Pl.'s Ex. A-8 at 1; Pl.'s Ex. A at 4. The letter stated that the note was in default, stated the total amount due, required payment on or before November 18, 2016 in order to cure, and informed Defendants that failure to pay the stated amount within that timeframe would result in acceleration of the note. Pl.'s Ex. A-8 at 2. This letter complies with the requirements of the security instrument because it provided Defendants more than 30 days to cure before acceleration. It complies with the requirements of Texas law for the same reason—it provides more than 20 days to cure to avoid acceleration. Acceleration necessarily precedes notice of sale. *See Clark v. FDIC*, 849 F. Supp. 2d 763, 742 (S.D. Tex. 2011) (citing Tex. Prop. Code § 51.002(b); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)). Defendants have not

7

identified any evidence to dispute that the loan servicer complied with the notice requirements of the note and Texas law.

Wells Fargo has also established by uncontroverted evidence that it has standing to foreclose on Defendants' home. Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: "the grantee, beneficiary, owner, or holder of a security instrument;" a "book entry system;" or "the last person to whom the security interest has been assigned of record[.]" Tex. Prop. Code § 51.001(4). Wells Fargo is the owner and holder of the note. Pl.'s Ex. A at 1; Pl.'s Ex. A-1 at 5. The note contains an allonge with a specific endorsement to Wells Fargo, as trustee. Pl.'s Ex. A-1 at 5. Wells Fargo also qualifies as a mortgagee because it is the last entity to which the security instrument was assigned of record. *Id.*; Pl.'s Ex. A-2 at 1; Pl.'s Ex. A-3 at 1; Pl.'s Ex. A-4 at 1.

Because Wells Fargo has presented uncontroverted summary judgment evidence establishing all of the elements of its foreclosure claim, Wells Fargo is entitled to summary judgment and an order of foreclosure. For this reason, the Court does not reach Wells Fargo's alternative claim for equitable subrogation.

II. Wells Fargo is entitled to summary judgment on Defendants' counterclaims.

Defendants raise the following counterclaims: (1) breach of contract; (2) declaratory judgment that the lien is void; (3) quiet title; and (4) a permanent injunction against foreclosure. Am. Answer. 6-10, ¶¶ 59-76. All Defendants' counterclaims are based on the underlying theory that the loan agreement is void because it fails to comply with Section 50(a)(6), Article XVI of the Texas

8

Constitution ("§ 50(a)(6)" or "Section 50(a)(6)"). Am. Answer 4-5, 6 ¶¶ 48, 58. In particular, Defendants contend that that the lender failed to sign a written acknowledgment of fair market value of the property subject to the loan on the date credit was extended in violation of § 50(a)(6)(Q)(ix). *Id.* Wells Fargo has established that such an acknowledgment indeed was signed. It further establishes independent reasons Defendants cannot succeed their counterclaims.

### A. Wells Fargo has established the loan agreement complies with the Texas Constitution.

Defendants wrote a letter to Wells Fargo dated September 8, 2017 demanding Wells Fargo cure 11 alleged Texas Constitutional violations in the loan. *Id.* at 38. But the Amended Answer itself appears to complain of only one—that the lender failed to sign a written acknowledgment of fair market value of the property subject to the loan on the date credit was extended. *Id.* at 4-5, 6, ¶¶ 48, 58. Section 50(a)(6)(Q)(ix) requires such an acknowledgment. Tex. Const. Art. XVI, § 50(a)(6)(Q)(ix). But when the allegations contained in the pleadings, including a counterclaim, are contradicted by the contents of an exhibit, the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

Wells Fargo provides a copy of a document titled "Acknowledgment as to Fair Market Value of Homestead Property," which states the fair market value of the Defendants' home as of November 10, 2006—the day the credit was extended. Pl.'s Ex. A-15. That document reflects the signatures of both Defendants and the

9

original lender's closing manager, and it purports to have been executed on November 10, 2006. *Id.* Wells Fargo further provides a copy of a document titled "Acknowledgment of Receipt of all Documents Signed," which lists the documents Defendants acknowledge they received at the time the credit was extended. Pl.'s Ex. A-14. It lists the Acknowledgment of Fair Market Value of Homestead Property as one of those documents. *Id.* The document bears both Defendants' signatures and purports to have been executed on November 10, 2006. *Id.* These two documents rebut Defendants' assertions that the lender failed to sign a written acknowledgment of fair market value of the property subject to the loan on the date credit was extended. Defendants do not dispute the authenticity or the validity of either of these documents. Wells Fargo has therefore established that Defendants cannot succeed on their claim that they are entitled to declaratory judgment that the loan agreement is void. And because the remainder of Defendants' counterclaims rest on the argument that the loan agreement is void, Wells Fargo has established Defendants likewise cannot succeed on the remainder of their counterclaims. But Wells Fargo establishes independent reasons that Defendants cannot succeed on their counterclaims.

### B. Wells Fargo has established that Defendants cannot succeed on their breach of contract counterclaim because it is time-barred.

A breach of contract cause of action accrues at the time the breach occurred, which, in the case of a constitutionally defective lien on real property, is when the loan originates. *Feuerbacher v. Wells Fargo Bank, N.A.*, 701 F. App'x 297, 300-01

(5th Cir. 2017) (per curiam) (citing *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011)). The statute of limitations for breach of contract in Texas is four years. Tex. Civ. Prac. & Rem. Code § 16.051.

Wells Fargo has provided a copy of the note clearly dated November 10, 2006. Pl.'s Ex. A-1 at 1. Defendants have neither introduced any evidence that the note was executed on another date, nor disputed the authenticity of the copy of the note adduced by Wells Fargo. The uncontroverted summary judgment evidence thus establishes that the loan originated on November 10, 2006; therefore, the statute of limitations for bringing claims for breach of the loan agreement expired on November 10, 2010.

### C. Wells Fargo has established Defendants cannot succeed on their claim to quiet title because they do not rely on the strength of their own title and have not tendered the amount due.

To prevail on a claim to quiet title, a plaintiff must rely on the strength of his or her own title, not the weakness of the adversary's title. *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 715 (5th Cir. 1951). Moreover, tender of amount due under a loan agreement is a requirement to bring a quiet title claim prior to an attempted foreclosure. *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012); *Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016), *aff'd*, 678 F. App'x 227 (5th Cir. 2017).

Defendants do not rely on the strength of their own title in their quiet title counterclaim. As discussed above, Defendants' counterclaims rely on the argument that their loan agreement is void under the Texas Constitution, an allegation which

11

only points out an alleged defect in Wells Fargo's title. They have produced no evidence on summary judgment or otherwise that their title is in fact superior to Wells Fargo's with respect to the property subject to foreclosure. Moreover, Defendants have not established that they tendered the amount due on the note before bringing their quiet title claim. To the contrary, Wells Fargo has presented uncontroverted evidence that Defendants have made no payments on the note for several years.

### D. Wells Fargo has established Defendants cannot succeed on their claim for a permanent injunction.

A claim for injunctive relief fails if the underlying claim is not actionable. *See Okpa v. Bank of N.Y. Mellon*, 2019 WL 1460394, at *1 (N.D. Tex. Mar. 5, 2019), *rec. adopted*, 2019 WL 1459045 (N.D. Tex. Apr. 2, 2019). Here, Defendants cannot establish a claim for injunctive relief *because* they cannot establish a right to relief with respect to any of their asserted counterclaims.

## Recommendation

For the foregoing reasons, Wells Fargo's Motion for Summary Judgment should be GRANTED. Judgment should be entered for Wells Fargo on its foreclosure claim, and all Defendants' counterclaims should be dismissed with prejudice.

Signed December 2, 2019

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).