IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2, ASSET-BACKED CERTIFICATES, SERIES 2007-FXD2,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY PLATT and<br>PAULA PLATT,<br><br>    Defendants. | Case No. 3:17-cv-02106-N (BT) |

### FINDINGS, CONCLUSIONS, AND RECCOMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On October 25, 2019, the Court entered an Order requiring Defendants to show good cause in writing for failing to appear at a hearing on Plaintiff's motion to reinstate this case to the Court's active docket. Order to Show Cause 1 (ECF No. 57). The Court warned Defendants that failure to comply with the Order to Show Cause would result in sanctions. *Id.* at 1-2. Defendants did not respond to the Court's Order to Show Cause. The Court previously expressed a concern that Defendants' failure to appear at the October 25, 2019 hearing was part of a pattern of willful and contumacious conduct. *Id.* at 2. The Court reiterates the same concern now and recommends that Defendants be sanctioned.

Plaintiff Wells Fargo Bank National Association filed this civil action seeking a judicial foreclosure more than two years ago, on August 10, 2017. *See* Compl.

1

(ECF No. 1). On January 18, 2019, the Court granted an unopposed motion for Defendants' counsel to withdraw. Order Grant Mot. Withdraw (ECF No. 38). Defendants' counsel cited an inability to communicate with Defendants as the basis for the motion. Mot. Withdraw 1 (ECF No. 36). When defense counsel withdrew, trial was set for June 10, 2019. *See* Am. Sched. Order (ECF No. 35). Plaintiff timely filed a motion for summary judgment on April 26, 2019. *See* Mot. Summ. J. (ECF No. 42). Defendants failed to file a response. On June 5, 2019, however, the parties filed a joint motion to abate the case in which they represented they settled the case on May 20, 2019 at mediation. Jt. Mot. Abate 3 (ECF No. 52). The parties further represented that Defendants had been approved for a Trial Period Modification Plan, with trial payments due July 31, 2019, August 31, 2019, and September 31, 2019. *See id.* Plaintiff explained in the joint motion that it was prohibited from moving forward with seeking a judgment under CFPB regulations, unless and until Defendants failed to perform under the Trial Plan. *Id.* (citing 12 CFR §1024.41(g)). The Court granted the parties' joint motion the next day.[1]

On September 23, 2019, Plaintiff filed a motion to reinstate this case on the Court's active docket. *See* Mot. Reinstate (ECF No. 54). As grounds for its motion, Plaintiff explained that Defendants failed to perform under the Trial Plan and timely make the payments necessary to modify the loan and cure the default. *Id.* 4.

---

[1] The June 6, 2019 Order abating the case was the second time the Court had granted such relief to permit Defendants the opportunity to pursue a 90-day Trial Period Plan. *See* Jt. Mot. Abate (ECF No. 27) & Order Grant Mot. Abate (ECF No. 31).

2

Plaintiff further represented that Defendants had been nonresponsive to attempts to contact them. *Id.* By Order dated October 15, 2019, the Court set a hearing on Plaintiff's motion to reinstate for October 25, 2019, at 3:00 P.M. Order re: Mot. Reinstate 1. The Court ordered Plaintiff's counsel and Defendants to appear in person for the hearing. *Id.* The Court warned Defendants that "[f]ailure to attend the hearing [would] result in sanctions." *Id.* On October 25, Plaintiff's counsel appeared as ordered, but Defendants did not.

There is no question that Defendants received the Court's Order and had notice of the October 25, 2019 hearing. Defendant Paula Platt called the Court on October 25, 2019 and left three messages communicating generally that she was out of state on a work trip, that it would be impossible for her to be at the hearing that afternoon, and that her husband, Defendant Gregory Platt was also out of town. The Court returned Mrs. Platt's messages before the hearing began and informed her that Defendants' absence at the hearing would not be excused.

Immediately following the October 25, 2019 hearing, the Court entered its Order to Show Cause requiring Defendants to show good cause in writing for failing to appear at the hearing. Order to Show Cause 1. The Court advised Defendants that their response to the Order to Show Cause should include evidence to support their claim that they were out of state on October 25, 2019. *Id.* at 4. The Court further warned Defendants that failure to comply with the Order to Show Cause could result in sanctions, specifically including those authorized by Rule 37(b)(2)(A)(ii)-(vii): prohibiting the disobedient party from supporting or

opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating the failure to obey the order as contempt of court. *Id.* at 2.

Federal Rule of Civil Procedure 16 provides that a court may issue sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). Appropriate sanctions may include: ". . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). Moreover, courts have inherent authority to enforce their orders by issuing sanctions for noncompliance. *Rosseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005). *See also Johnson v. Hankook Tire Am. Corp.*, 449 F. App'x 329, 332 (5th Cir. 2011) (per curiam); *Brown v. Emerson Elec. Co.*, 1999 WL 511801, at *1 (5th Cir. July 1, 1999) (per curiam) (finding sanctions appropriate where party failed to comply with court order *and failed to attend hearing*).

In view of the record in this case, the Court finds that Defendants failed to appear as ordered for the October 25, 2019 hearing on Plaintiff's motion to reinstate and failed to respond to the Order to Show Cause. Such failures to comply with the Court's orders were unexcused. Further, because Defendants are *pro se*, they are directly responsible for their failure to comply. Accordingly, the Court recommends that an appropriate sanction for Defendants' conduct is an order prohibiting them from opposing Plaintiff's reinstated motion for summary judgment, including prohibiting them from introducing any evidence opposing Plaintiff's claims or in support of their defenses.

Signed December 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the

aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).