IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2, ASSET-BACKED CERTIFICATES, SERIES 2007-FXD2,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY PLATT and<br>PAULA PLATT,<br><br>    Defendants. | Case No. 3:17-cv-02106-N (BT) |

## MEMORANDUM ORDER

Before the Court in this mortgage foreclosure case is Plaintiff's Motion for Attorneys' Fees (ECF No. 73), which seeks $27,408.50 in fees and $966.26 in expenses; $28,374.76 in total. Because the Court is unable to determine the lodestar figure from the Motion and supporting materials provided, the Motion is DENIED without prejudice.

On January 10, 2020, Plaintiff obtained summary judgment on its claim for judicial foreclosure against Defendants and on Defendants' counterclaims. J. 1 (ECF No. 68). The final judgment awarded Plaintiff attorneys' fees and costs, to be determined by subsequent motion. *Id.* at 3. The deadline to file a motion for attorneys' fees in this case fell on January 24, 2020. On January 29, 2020, Plaintiff filed a Motion for Leave to File a Late Motion for Attorneys' Fees as well as a

1

Proposed Motion for Attorneys' Fees (ECF No. 69). After Plaintiff amended its Motion for Leave (ECF No. 71) indicating Defendants' non-opposition to the leave sought, the Court granted the Motion for Leave and directed the Clerk to file Plaintiff's Proposed Motion for Attorneys' Fees and accompanying materials as a separate docket entry, as of the date of the Order, February 5, 2020. Order (ECF No. 72). By the same Order, the Court afforded Defendants until February 28, 2020 to respond to the Motion. Defendants did not respond. The Motion is now ripe for determination.

Plaintiff moves for attorneys' fees under the terms of the note and security instrument and under Federal Rule of Civil Procedure 54(d)(2). Under Rule 54, a claim for attorneys' fees must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). Rule 54 further provides that, unless a statute or court order provides otherwise, a motion for attorneys' fees must:

> (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). Texas law permits recovery of attorneys' fees under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014). And the Fifth Circuit has expressly endorsed Rule 54(d)(2) as a vehicle to obtain attorneys' fees provided for by a mortgage contract. *Id.*

Here, the security instrument provides that if a default is not cured following notice to the buyer, the lender may require immediate payment in full of all sums secured by the security instrument and "shall be entitled to collect all expenses incurred in pursing [legal] remedies . . . including, but not limited to court costs, reasonable attorneys' fees and costs of title evidence." Compl. Ex. B, ¶ 21 (ECF No. 1-1). Moreover, the note itself provides that in the event of a default and acceleration, the note holder will have the right to be paid by the borrower "all its costs and expenses in enforcing th[e] [n]ote . . . includ[ing], for example, reasonable attorneys' fees." Compl. Ex. A, ¶ 6(E).

Plaintiff initiated this litigation on August 10, 2017 seeking to foreclose on the property under the note, to protect its interest in the property. Compl. 5, ¶¶ 13-17 (ECF No. 1). And it later moved for and obtained summary judgment both on its foreclosure claim and on Defendants' counterclaims, which attacked Plaintiff's interest in the property. Accordingly, Plaintiff is entitled to reasonable attorneys' fees under the note and the security instrument. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016) (concluding bank was entitled to reasonable attorneys' fees under note and deed of trust where bank's "counterclaims and Motion for Default Judgment sought to enforce the Note," and bank "moved for summary judgment against [plaintiff's] quiet title action to protect its interest in the Property"), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016), *appeal dismissed*, 16-10723 (5th Cir. July 20, 2016). Accordingly, the Court determines that Plaintiff is entitled to recover its

3

reasonable attorneys' fees.

The Court uses the "lodestar" method to calculate the amount of reasonable attorneys' fees due to Plaintiff. *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *4 (applying lodestar method to calculate reasonable attorneys' fees under a mortgage contract); *Simicek v. Wells Fargo Bank, N.A.*, 2013 WL 542126, at *5 (S.D. Tex. Sept. 26, 2013) (same). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court uses this time as a benchmark and excludes any time it deems excessive, duplicative, unnecessary, or inadequately documented. *Id.*

The party requesting fees also bears the burden of producing satisfactory evidence that the requested rate is aligned with the prevailing market rate. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 n.15 (1983); *see also Heck v. Buhler*, 2014 WL 465763, at *5 (M.D. La. Feb. 4, 2014). Instead, to assist the court in in determining the reasonable rate, the fee applicant should produce an affidavit of the attorney performing the work, information regarding rates actually

billed and paid in similar lawsuits, and affidavits of other attorneys practicing in the community in question. *Heck*, 2014 WL 465763, at *5.

The burden to show reasonableness of the hours billed necessarily includes the burden of proving the that attorneys seeking the fees exercised billing judgment. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id*. A court may reduce an award by a percentage to substitute for the exercise of billing judgment where it appears from the records supporting a motion for attorneys' fees that the attorneys did not exercise billing judgment. *Id*.

Plaintiff's Motion and supporting materials do not permit the Court to calculate the loadstar. While Plaintiff provides a declaration of attorney Gordon Green, as well as almost 40 pages of billing invoices reflecting the personnel who worked on the matter at their respective rates and hours expended, these items fall short of meeting Plaintiff's burden. First, Mr. Green's declaration is silent as to rates billed and paid in his firm and in the community for similar lawsuits, as well as his own normal rates, and the normal rates of the twelve other professionals who appear to have worked on the matter. Regarding the reasonableness of fees, Mr. Green states in his declaration: (1) that he has "become familiar with the legal services necessary to handle claims based on the reasonable charges for such legal services in the United States District Court for the Northern District of Texas and within the State of Texas"; (2) that in considering reasonable attorneys' fees in this

5

case, he "ha[s] considered," among other things, "the experience, reputation and ability of the attorneys involved in pursuing this claim; the skills requisite to properly conduct the case; [and] customary charges of the Bar and awards in similar cases"; and (3) that "[b]ased upon [his] knowledge and experience with similar litigation" in the community, it is his opinion that $28,374.76 constitutes reasonable attorneys' fees and expenses for this case. Pl.'s Ex. A at 2-3. However, these are mere conclusory statements that the fees sought are reasonable, and they are insufficient for the Court to determine the lodestar fee. *See Heck*, 2014 WL 465763, at *6 (finding motion for attorneys' fees insufficient where party seeking fees "failed to provide any indication as to the prevailing rate in [the] community for the services provided, *or* as to [the attorneys'] 'regular rates,'" as such failure "deprived [the court] of information necessary to calculate the lodestar fee" (citing *Kellstrom*, 50 F.3d at 328)).

Moreover, the billing invoices provided are not organized in such a way that the Court can reasonably determine the respective total hours spent, or the rate charged, by *each* professional. *See TFHSP, LLC Series 10147*, 2016 WL 2856006, at *4 (calculating lodestar by multiplying hours expended by respective rate for each professional who worked on the matter). The Court can conceive of no method by which to calculate the lodestar figure without hour totals and rates charged per professional. Finally, the billings invoices and declaration provided are not detailed enough to demonstrate that the professionals who worked on the matter exercised billing judgment.

In the absence of more information to assist the Court in determining the lodestar figure, the Motion for Attorneys' Fees (ECF No. 73) is DENIED without prejudice. Any renewed motion for attorneys' fees must be filed on or before **April 17, 2020**.

**SO ORDERED**.

April 7, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE