IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2, ASSET-BACKED CERTIFICATES, SERIES 2007-FXD2,<br><br>    Plaintiff,<br><br>  v.<br><br>GREGORY PLATT and<br>PAULA PLATT,<br><br>    Defendants. | Case No. 3:17-cv-02106-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this mortgage foreclosure action is Plaintiff's Renewed Motion for Attorney's Fees (ECF No. 79). For the reasons that follow, the Court should GRANT Plaintiff's Motion in part and award Plaintiff $23,800 in attorney's fees and $966.26 in costs.

Plaintiff was represented in this matter by the law firm Mackie Wolf Zientz & Mann, P.C. (MWZM). On February 5, 2020, Plaintiff filed its first Motion for Attorney's Fees (ECF No. 73) (the "First Motion") seeking $28,374.76 in fees and costs. The Court denied the First Motion without prejudice because the supporting materials accompanying it were insufficient for the Court to calculate the lodestar fee. Order 5 (ECF No. 75). Although Plaintiff provided a declaration of the lead attorney on the matter, Mr. Gordon Green, that affidavit was silent both as to the

1

ordinary rates charged at MWZM and the prevailing rate in the community for the services provided—necessary elements to establishing reasonableness of fees sought. *Id.* Moreover, while Plaintiff provided numerous pages of billing statements, the statements were not organized in such a way that the Court could reasonably determine the respective total hours spent by each professional who worked on the matter. *Id.* at 6. The Court could conceive of no method by which to calculate the lodestar fee without such information. *Id.* On May 1, 2020, Plaintiff filed its renewed Motion for Attorney's Fees (the "Renewed Motion"), curing these deficiencies, seeking $29,750.00 in fees and $966.26 in costs. Defendants did not respond to the Renewed Motion, and the time for them to do so has passed. The Renewed Motion is now ripe for determination.

## I. Entitlement to Fees

Plaintiff moves for attorney's fees under the terms of the note and security instrument and under Federal Rule of Civil Procedure 54(d)(2). Under Rule 54, a claim for attorney's fees must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). Rule 54 further provides that, unless a statute or court order provides otherwise, a motion for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

2

Fed. R. Civ. P. 54(d)(2)(B). Texas law permits recovery of attorney's fees under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014). And the Fifth Circuit has expressly endorsed Rule 54(d)(2) as a vehicle to obtain attorney's fees provided for by a mortgage contract. *Id.*

Here, the security instrument provides that if a default is not cured following notice to the buyer, the lender may require immediate payment in full of all sums secured by the security instrument and may invoke "any other remedies permitted by Applicable Law[, and the] . . . [l]ender shall be entitled to collect all expenses incurred in pursing the remedies provided in this Section[,] . . . including, but not limited to court costs, reasonable attorney's fees and costs of title evidence." Compl. Ex. B, ¶ 21 (ECF No. 1-1). Moreover, the note itself provides that in the event of a default and acceleration, the note holder will have the right to be paid by the borrower "all of its costs and expenses in enforcing th[e] [n]ote . . . includ[ing], for example, reasonable attorneys' fees." Compl. Ex. A, ¶ 6(E). Plaintiff initiated this litigation on August 10, 2017 seeking to foreclose on the property under the note to protect its interest in the property. Compl. 5, ¶¶ 13-17 (ECF No. 1). Moreover, it moved for summary judgment both on its foreclosure claim and on Defendant's counterclaims—attacking Plaintiff's interest in the property—in order to protect its interest in the property. Accordingly, Plaintiff is entitled to reasonable attorney's fees under the note and the security instrument. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016)

(concluding bank was entitled to reasonable attorney's fees under note and deed of trust where bank's "counterclaims and Motion for Default Judgment sought to enforce the Note," and bank "moved for summary judgment against [plaintiff's] quiet title action to protect its interest in the Property"), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016), *appeal dismissed*, 16-10723 (5th Cir. July 10, 2016).

## II. Lodestar Calculation

The Court uses the "lodestar" method to calculate reasonable attorney's fees. *Id.* (applying lodestar method to calculate reasonable attorney's fees under a mortgage contract). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993). The court uses this time as a benchmark and excludes any time it deems excessive, duplicative, unnecessary, or inadequately documented. *See id.* There is a strong presumption that the lodestar figure is reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 599 U.S. 542, 552 (2010). Because the lodestar is presumed reasonable, it should be modified only in exceptional circumstances. *See Watkins*, 7 F.3d at 457. The Court calculates the lodestar to be $23,800.00 in this case.

A. Reasonableness of Rate

In support of the Renewed Motion, Plaintiff submitted the declaration of Mr. Jonathan Smith, an MWZM attorney, who declares that he and the other MWZM attorneys who worked on the case were at all relevant times licensed to practice law in Texas, in good standing, and experienced in business, real estate, and commercial litigation practice. Pl.'s Ex. A at 2-3, ¶¶ 3-4 (ECF No. 79-1). Mr. Smith further declares that attorneys at MWZM ordinarily bill at a rate of $215.00 per hour, and that paralegals at MWZM ordinarily bill at a rate of $95.00 per hour, in a foreclosure action such as this one. *Id.* at 3. Plaintiffs further submitted the declaration of Mr. Matthew Durham, an attorney at McGuire Woods, LLP, who handles mortgage-related litigation throughout Texas. Pl.'s Ex. B at 1 (ECF No. 79-2). Mr. Durham declares that his firm charges $345.00 per hour for attorney work and $205.00 per hour for paralegal work in such litigation. *Id.* Plaintiff also submitted MWZM's billing invoices covering the period from August 2017 to May 2020 that reflect that the professionals who worked on the matter billed at their respective ordinary rates or lower. Based on the supporting materials accompanying the Renewed Motion, the Court finds that the rates charged in this matter are reasonable and comport with prevailing rates in the community.

B. Reasonableness of Hours

From the billing invoices, it appears that the following professionals worked on the case:

(1) senior attorney Mark Cronenwett expended 5.70 hours at a rate of $215.00 per hour;

(2) associate attorney Dustin George expended 6.90 hours at a rate of $215.00 per hour;

(3) associate attorney Gordon Green expended 9.50 hours at a rate of $190.00 per hour and 100.80 hours at a rate of $215.00 per hour;

(4) associate attorney Phillip Danaher expended 2.50 hours at a rate of $215.00 per hour;

(5) associate attorney Jonathan Smith expended 3.50 hours at a rate of $215.00 per hour;

(6) senior attorney Derek Crowe expended 0.20 hours at a rate of $125.00 per hour;

(7) paralegal Brittany Parker expended 3.10 hours at a rate of $95.00 per hour;

(8) paralegal Brandie Goad expended 0.10 hours at a rate of $95.00 per hour;

(9) paralegal Susan Taplin expended 3.80 hours at a rate of $95.00 per hour;

(10) paralegal Nancy Mullins expended 1.00 hours at a rate of $95.00 per hour;

(11) paralegal Rosalie Escobedo expended 0.30 hours at a rate of $95.00 per hour;

(12) paralegal Janie Duncan-Abraham expended 8.10 hours at a rate of $95.00 per hour;

(13) paralegal Rebecca Lenehan expended 9.50 hours at a rate of $95.00 per hour; and

(14) paralegal Erin Jackson expended 2.70 hours at a rate of $95.00 per hour.

*See* Pl.'s Ex. A-1 at 7-57. Thus, MWZM expended 129.10 attorney hours at various

billing rates and 28.60 paralegal hours at $95.00 per hour. Based on these sums, Plaintiff asks for $29,750.00 in fees.[1] However, because Plaintiff's attorneys failed to exercise billing judgment, the Court finds that the number of hours reflected in the billing statements is unreasonable and recommends reducing the overall amount sought by 20 percent, thus arriving at $23,800.00.

The burden to show reasonableness of the hours billed necessarily includes the burden of proving the attorneys seeking the fees exercised billing judgment. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Id.* A court may reduce an award by a percentage to substitute for the exercise of billing judgment where it appears from the records supporting a motion for attorney's fees that the attorneys did not exercise billing judgment. *Id.*

Here, the billing statements do not reflect that any hours were written off as unproductive, excessive, or redundant. To the contrary, the billing statements classify every hour billed as recoverable. Moreover, Mr. Smith's declaration accompanying the Renewed Motion states that he reviewed the invoices provided and found that all work billed was necessary. And, while Mr. Smith's declaration states that MWZM attorneys exercise restraint on the front-end by not billing for excessive time for work performed, such a statement does not meet the burden to

---

[1] The Court calculates these sums to equal $30,218.00, not $29,750.00.

exhibit billing judgment. *See Alto-Shaam, Inc. v. Manitowoc Co.*, 2012 WL 12978015, at *8 (N.D. Tex. Feb. 2, 2012) (finding attorney declaration that that work performed was "neither excessive, duplicative, nor inadequately documented" insufficient to demonstrate billing judgment where records showed no reduction or adjustment).

The Court finds that the MWZM personnel who worked on the matter did not exercise restraint in billing on the front-end. First, with 14 professionals working on the matter, the matter was overstaffed. This caused duplicative and redundant work. *Marrow v. Ingram*, 2011 WL 815105, at *2 (S.D. Miss. Mar. 1, 2011) (reducing hours due to excess travel time and overstaffing). Moreover, the billing invoices reflect well more than five hours total of communications among MWZM personnel, with claims counsel, with opposing counsel, and with Plaintiff regarding matters such as scheduling, general status of the litigation, and other administrative matters. The Court finds this excessive given the total amount of time involved in this case. *See US Green Bldg. Council, Inc. v. Wardell*, 2016 WL 3752964, at *9 (N.D. Tex. June 17, 2016) (recommending 15 percent reduction in award where the "records reflect[ed] an excessive amount of time between multiple individuals reviewing the same documents and discussing the case among themselves"), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016); *Gurule v. Land Guardian, Inc.*, 2017 WL 6761821, at *5 (S.D. Tex. Oct. 24, 2017) ("Although the Court encourages attorneys to speak frequently with their clients and opposing counsel, it also expects attorneys to exercise billing judgment in later deducting

8

some of these hours that are excessive, unproductive, or redundant."), *aff'd*, 912 F.3d 252 (5th Cir. 2018). The billing invoices also reflect well over three hours billed for reviewing the docket for status updates "for the purpose of moving the litigation forward" and similar tasks. The Court finds this sort of task to be largely administrative and an inappropriate item to bill. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (holding that clerical work cannot be recovered as attorney's fees).

The billing statements reflect frequent billing for tasks that the Court finds excessive. For example, while Mr. Green billed 0.30 hours to "review and analyze" the magistrate judge's findings and conclusions regarding the motion for summary judgment—a document that is 12 pages in length—he routinely billed 0.20 hours to review one-to-two-page orders. Further, in the span of one month, Mr. Green billed, collectively, over one hour to "review[ ] file for status of litigation[.]" *See* Pl.'s Ex. A-1 at 51-53. Finally, it appears that MWZM attempts to recover fees associated with preparing the First Motion *and* the Renewed Motion, when the First Motion was denied without prejudice due to deficiencies that prevented the Court from calculating the lodestar. Having considered both Motions, the Court finds at least some of MWZM's work on the fee request was redundant.

These instances demonstrate that MWZM did not exercise billing judgment. The Court, in its discretion, reduces the amount sought—$29,750.00—by 20 percent. Thus, the lodestar is $23,800.00. *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000) (affirming 25 percent reduction in fee for lack of billing judgment);

9

*Moomjian v. TD Ameritrade Inc.*, 2017 WL 394523, at *3 (N.D. Tex. Jan. 9, 2017), *adopted by* 2017 WL 367152 (N.D. Tex. Jan. 25, 2017) (reducing overall award requested by 10 percent where attorneys did not provide sufficient evidence of billing judgment); *Alto-Shaam*, 2012 WL 12978015, at *8 (same).

### C. Adjustment to the Lodestar

Although there is a strong presumption that the lodestar figure is reasonable, the Court must consider whether the lodestar should be adjusted upward or downward based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The district court, however, is not required to "recite or even mention the *Johnson* factors, so long as 'the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis.'" *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (quoting *Union*

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012)); *see also EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009).

Upon consideration of the *Johnson* factors, the Court finds that no adjustment to the lodestar figure is necessary. This civil action was a fairly typical mortgage foreclosure case. The issues involved were neither novel nor difficult. The litigation did not require any unique skill or expertise on the part of the MWZM attorneys; nor did it require more than the usual investment of time or labor. *See* Pl.'s Ex. A at 3, ¶ 4 (describing tasks required to litigate the case to include drafting pleadings, conducting discovery, and motion practice). Indeed, the docket reflects that Defendants often did not respond to Plaintiff's motions and thus saved Plaintiff the expense of preparing replies. Plaintiff prevailed on summary judgment; no trial was required. MWZM enjoys a good reputation in the legal community, and the attorneys who worked on the case are licensed by the state of Texas. *Id.* MWZM billed Plaintiff on an hourly basis, and there is no evidence before the court that Plaintiff imposed any time limitation on MWZM or that other circumstances made representing Plaintiff undesirable. MWZM charged a customary fee, which resulted in an award that is typical for this type of case. *See, e.g.*, *HSBC Bank USA, N.A. for Merrill Lynch Mortg. Inv'rs Trust, Mortg. Loan Asset-Backed Certificates, Series 2005-WMCI v. Crum*, 2017 WL 2362017, at *3 (N.D. Tex. May 31, 2017) (awarding $12,867.00 in attorney's fees in mortgage foreclosure case); *TFHSP, LLC*, 2016 WL 2856006, at *6 (recommending award of $64,196.00 in attorney's fees in mortgage foreclosure case).

Accordingly, the Court should GRANT Plaintiff's Motion in part and award Plaintiff $23,800 in attorney's fees.[3]

### III. Costs

The invoices provided reflect that MWZM incurred $966.26 in recoverable expenses for, among other things, the filing fee in federal court, couriers, and process servers. These costs are recoverable under 28 U.S.C. § 1920, and Plaintiffs' request for award of these costs should be granted.

For the foregoing reasons, Plaintiff's Renewed Motion for Attorney's Fees (ECF No. 79) should be GRANTED in part. The Court should award Plaintiff $23,800.00 in attorney's fees and $966.26 in costs—$24,766.30 in total. Defendants should be ordered to pay $24,766.30 to Plaintiff as a further obligation owed by them under the Note and Security Instrument.

**SO ORDERED**.

May 27, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[3] In his declaration, Mr. Smith states that "[i]f any party files [a] post-judgment motion, a reasonable fee for Wells Fargo would be $2,500.00. If this case is appealed to the court of appeals, a reasonable fee for Wells Fargo would be an additional $5,000.00. If this case is appealed to the United States Supreme Court, a reasonable fee for Wells Fargo would be an additional $2,500.00." Pl.'s Ex. A at 4, ¶ 10. To the extent this is a prospective request for attorney's fees based on post-judgment motions or appeals, it should be DENIED as premature. *Crum*, 2017 WL 2362017, at *3 (declining to address prospective request for fees for post-judgment motions or appeal (citing *Parker v. U.S. Bank Nat. Ass'n*, 2014 WL 2883919, at *6 (N.D. Tex. June 25, 2014)).

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).